# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ELIZABETH COOLEY SUBPOENA ) ) ) ) ) ) ) ) ) | CASE NO: |

## DECLARATION OF DR. THOMAS P. BRANCH

I, Thomas P. Branch, MD, declare as follows:

1. I am the owner and the Chief Executive Officer of ERMI LLC ("ERMI").

2. I am over the age of 18 years, and make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

3. I am intricately involved in high-level hiring decisions with regard to any potential ERMI employee and ultimately have decision-making authority with respect to such hires.

4. Further, I am familiar with all employment positions and employee duties involved in such positions.

5. In or around November, 2018, Elizabeth Cooley ("Cooley") applied for a position as Chief Compliance Officer.

6. Cooley, when applying, indicated that she had significant legal experience in the area of regulatory compliance.

7. The fact that Cooley had a law degree and significant legal experience were critical factors in ultimately hiring her as a Chief Compliance Officer. ERMI considered this experience highly important for the position of Chief Compliance Officer.

8. Unequivocally, Cooley was hired so that she could provide legal expertise and legal advice to ERMI.

9. Cooley reported directly to Thomas Branch, MD, ERMI Chief Executive Officer, and worked intimately with another attorney employed by ERMI named Alissa Anderson ("Anderson"). Anderson's title at ERMI was Compliance Coordinator. Anderson was eventually promoted to Director of Compliance.

10. As part of her employment as Chief Compliance Officer, Cooley oversaw legal issues involving compliance with the rules and regulations of subject regulatory agencies. This involved significant legal research and decision-making related to the rules and regulations of regulatory agencies, licensing issues involved with such agencies, and other corporate legal issues that she advised on. Based on her legal research and acumen, she specifically advised upper management of ERMI as to the changing of regulations and licensure requirements.

11. Additionally, as Chief Compliance Officer, Cooley was also required to execute a Non-Disclosure Agreement ("NDA") given that she would be privy to confidential information, including trade secrets, financial data, and other confidential information including attorney-client privileged information and attorney work-product. This NDA continues to be in force and prevents Cooley from disclosing ERMI's proprietary information.

12. Pursuant to this NDA, among other provisions, Cooley agreed that she would "hold all [ERMI] Proprietary Information in trust and confidence and will not at any time, directly or indirectly, furnish or divulge any of the Proprietary Information to a Third Party."

13. Compliance with healthcare regulations and licensure requirements is a critical aspect of ERMI's business that requires sound legal advice. Ultimately, Cooley consistently and routinely gave legal advice to ERMI throughout the entirety of her employment.

14. At all times throughout Cooley's employment, ERMI, as well as all of ERMI's management, believed that Cooley was acting and operating as an attorney for ERMI.

15. Cooley was repeatedly called on to provide ERMI with legal opinions and advice as to numerous matters including legal matters relating to: (a) regulatory compliance; (b) corporate formation and conversion; (c) commercial real-estate transactions; (d) litigation strategy; (e) intellectual property due diligence; and other such matters.  For example, Cooley was involved with the decisions to bring the patent infringement litigations, strategies related thereto, and she frequently interacted with ERMI's outside patent attorneys and other outside legal counsel.

16. Further, I have reviewed the Affidavit of Cooley related to a subpoena served on July 12, 2020. The Affidavit of Cooley almost entirely contains information concerning legal advice she provided to ERMI in furtherance of her duties as Chief Compliance Officer. Cooley's Affidavit discloses not only confidential corporate information, but also, attorney-client privileged information and attorney work product related to her advice, opinions, mental impressions, and document reviews.

17. In preparation of this declaration, in addition to my own recollection, I reviewed numerous documents including email communications which reveal that ERMI's executive level managers believed Cooley to be ERMI's attorney and also that Cooley referred to herself as an attorney and provided ERMI with legal advice.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: July __16__, 2020.

_____
Thomas P. Branch, MD