# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: IN RE:ELIZABETH COOLEY SUBPOENA | Civil Action No. 1:20-mi-0069-TWT-LTW |

## MOTION TO TRANSFER TO SOUTHER DISTRICT OF FLORIDA OR IN THE ALTERNATIVE, TO DENY PLAINTIFF'S MOTION TO QUASH

COMES NOW Defendant Team Post Op, Inc., and pursuant to Fed. R. Civ. P 45 and 28 U.S.C. § 1407 hereby moves the Court for an order transferring ERMI LLC's Motion to Quash to the issuing Court for the Subpoenas at issue, the United States District Court for the Southern District of Florida, case no. 0:19-md-02914-RKA, or in the alternative, to Deny the Motion to Quash.  First, the subpoenas at issue was issued from a Multi District Litigation case initiated and consolidated in the Southern District of Florida at ERMI's request "because the convenience of the parties and witnesses and the just and efficient conduct of the actions will best be promoted by coordinated proceedings in the U.S. District Court for the Southern District of Florida." *See,* ERMI's Memorandum in Support of Plaintiff's Motion for Transfer of Actions to the Southern District of Florida and for Consolidation Pursuant to 28 U.S.C. §1407, filed July 30, 2019 (MDL Case No. 2914, Doc. 1-1 at p. 5).  The purpose of the MDL sought by ERMI would be frustrated by having

pretrial discovery disputes decided courts other than the MDL transferee court. Moreover, the issuing Court has appointed a special master specifically to handle discovery disputes such as the instant Motion to Quash. *See,* SDFL case no. 0:19-md-02914-RKA, DE 87.

In the alternative, this court should summarily deny ERMI's Motion to Quash because it is facially deficient due to the fact that ERMI has failed to create a privilege log which provides the Court or the Defendants with enough information regarding the subject of any allegedly privileged communications to assess the claim of privilege pursuant to Fed. R. Civ. P 45(e)(2)(A)(ii).

## ARGUMENT AND CITATION OF AUTHORITY

I. **Motion to Transfer**

According to Fed R. Civ. P. 45(d)(2)(B)(i), in the event that the recipient of a subpoena objects to production, the party serving the subpoena may move the Court in the district in which compliance is required to enforce the subpoena. Fed R. Civ. P. 45(f) then grants that Court the power to transfer that motion to the Court that issued the subpoena if the person subject to the subpoena consents or "exceptional circumstances" exist. Ms. Cooley has consented to the transfer. *See,* Exhibit A, Declaration of Elizabeth Cooley at ¶1.

When determining whether those exceptional circumstances exist, "the established considerations appear to relate to three overarching questions: (1)

whether the underlying litigation will be disrupted if the subpoena dispute is not transferred; (2) whether the nonparty subpoena recipient will suffer undue burden or cost if the subpoena dispute is transferred; and (3) whether, based on various considerations, the issuing court is in the best position to rule on the motion to compel." *In re Disposable Contact Lens Antitrust Litig.,* 306 F. Supp. 3d 372, 376 (D.D.C. 2017). Here, the underlying litigation would absolutely be disrupted, no one will suffer undue burden or cost if the dispute is transferred, and the issuing court is in the best position to rule on the motion. The entire purpose of an MDL is to consolidate multiple cases in order to promote consistent pre-trial rulings. ERMI commenced this MDL action, arguing "Centralization is necessary here to eliminate duplicative proceedings and discovery, prevent inconsistent pretrial rulings and conserve judicial resources." [Case MDL No. 2914 Doc. 1-1 at p. 3.] ERMI has now chosen to pursue the exact opposite course, insisting on duplicative proceedings in multiple courts, which will consume the judicial resources of three different judges, two in the Northern District of Atlanta, and a third in the Western District of Washington.

    To require that this court take up its time and rule on ERMI's motion would serve no purpose besides burden on this court, delay, and raise the potential for inconsistent rulings and significant confusion as to the status of the subpoenas at issue. No one will be burdened by transfer. ERMI specifically requested the

Southern District of Florida as the MDL transferee Court, and that Court has appointed a Special Master to help resolve discovery disputes. ERMI simply cannot pick and choose the discovery disputes it wants to be heard by the MDL transferee court and those it does not.

Finally, the Southern District of Florida is clearly in the best position to rule on the motion. This court does not have any institutional knowledge of the procedural and factual history of the case, and this case has been pending for nearly a year and a half at this point. 28 U.S.C. § 1407(b) states that the consolidated pretrial proceedings in an MDL *shall* be conducted by the judge to whom the action is assigned. The transferee court may hear and decide motions to compel or motions to quash or modify subpoenas directed to nonparties in any district*." In re Clients & Former Clients of Baron & Budd, P.C.,* 478 F.3d 670, 671 (5th Cir. 2007). This reasoning is necessary to maintain consistency in an MDL for discovery purposes. Otherwise discovery disputes would be heard in multiple districts in which the contested documents or witnesses reside, leading to the sort of inconsistent, conflicting pre-trial rulings MDLs are designed to prevent. "To hold that a court presiding over an MDL case could not enforce a motion to compel would hamper the ability of an MDL court to coordinate and consolidate pretrial proceedings." *In re Asbestos Prod. Liab. Litig. (No. VI)*, 256 F.R.D. 151, 154 (E.D. Pa. 2009). "The relevant statutes and caselaw provide for an MDL Court to resolve disputes arising

from the service of Rule 45 subpoenas on non-parties located in other districts." *In re Neurontin Mktg., Sales Practices, & Prod. Liab. Litig.*, 245 F.R.D. 55, 57 (D. Mass. 2007). Addressing the question of whether §1407 applies only to depositions, the Southern District of New York held that "it is widely accepted that this authority extends to all pretrial proceedings, including governance of non-party, extra-district subpoenas." *In re Bank of New York Mellon Corp. Forex Transactions Litig.*, No. 11 CIV. 9175 LAK JLC, 2014 WL 2884726 (S.D.N.Y. June 26, 2014).

Courts have also found that motions to quash are part of the pretrial proceedings that are conducted in the transferee court.

> Since a motion to quash a subpoena *duces tecum* is a part of pretrial proceedings, clear statutory mandate requires the transferee court decide such a motion. The use of the word "shall" in the first sentence of paragraph (b) of Section 1407 makes this clear regardless of a transferor Court's prior involvement in discovery, a transferee Court's current body of knowledge regarding the discovery, or the location of documents.

*U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 238 F. Supp. 2d 270, 282 (D.D.C. 2002). Not only have courts determined that the MDL court has the authority to hear these motions, and not only is it improper to deny the MDL court the ability to enforce motions regarding subpoenas, but according to 28 U.S.C. § 1407(b) the transferee court *must* decide motions regarding subpoenas regardless of the prior history of the case. In the present case, the Southern District of Florida has been involved with the discovery process from the beginning and has more

knowledge of it than any other Court, lending even more strength to the position that the Southern District is the Court that must hear these motions. The case law is very clear that motions to compel and motions to quash filed in an MDL are to either be transferred to the district court the MDL is assigned to, or the district court the MDL is assigned to is authorized to travel to the district in which the motions are pending. *Disposable Contact*, 306 F. Supp. 3d at 377-378 (finding that the mere existence of an MDL is an exceptional circumstance weighing in favor of transfer *and* that an MDL judge may exercise the authority of a district judge in any district for the purpose of enforcing a subpoena.

## II. The Motion to Quash is Due to be Denied

### a. Ms. Cooley is Not an Attorney

ERMI contends that the entirety of Ms. Cooley's involvement with its business, aside from the fact that she was involved with licensing, is protected by the attorney-client privilege and/ or work product doctrines, despite the fact that Ms. Cooley is not an attorney. *See,* Ex. A. Thus, because the key requirement for the attorney client privilege to exist, the involvement of an actual attorney, is missing, the Motion to Quash should be summarily denied. *See, United States v. Davita, Inc.,* 301 F.R.D. 676, 680 (N.D. Ga. 2014). "The party claiming the privilege must generally establish the following elements: (1) the holder of privilege is a client; (2**) the person to whom communication was made is a member of the bar and that**

**person is acting as a lawyer in connection with the communication**; (3) the communication relates to a fact of which attorney was informed by the client without the presence of strangers for the purpose of securing legal advice; and (4) the privilege is claimed and not waived by the client*.*" (emphasis added).

      b.  <u>Only Communications, not the underlying Fact, can be Privileged.</u>

Literally every word of every paragraph after the beginning of paragraph 4 of Colley's affidavit that "Among other things, my duties at ERMI included managing ERMI's licensure" through para. 17 "I have fully reviewed this Affidavit…" has been redacted. In reality, the scope of both attorney-client privilege as well as attorney work product are limited in scope. "The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice." *United States v. Davita, Inc.*, 301 F.R.D. 676 (N.D. Ga. 2014), <u>on reconsideration in part,</u> No. 1:07-CV-2509-CAP-JSA, 2014 WL 11531065 (N.D. Ga. May 21, 2014). In order for the communications between Ms. Cooley and ERMI to be privileged, ERMI must satisfy several elements, first being the fact that Ms. Cooley was actually acting as lawyer for ERMI. If (and only if) that hurdle is satisfied, ERMI must then show that the communications it seeks to protect were made for the purpose of securing legal advice from her, or that the communication was in fact, legal advice from her. ERMI has entirely failed to satisfy any of the required elements.

According to the Affidavit of Thomas Branch filed in support of ERMI's Motion to Quash, Ms. Cooley was hired as Chief Compliance Officer. She was not hired as "In-House" or "Legal" Counsel. Presumably, there was likely some sort of offer letter, employment contract or job description explaining what her duties and responsibilities were. None were attached.

Even assuming that Ms. Cooley was employed by ERMI as an attorney (notwithstanding the fact that she did not hold a license to do so), "a communication is not necessarily privileged simply because a company lawyer is copied." *United States v. Davita, Inc.*, 301 F.R.D. at 682. In other words, the mere involvement in a discussion by an attorney does not render that discussion automatically privileged. ERMI must show "that the communication was confidential and that the primary purpose of the communication was to relay, request or transmit legal advice." *Id*. ERMI has failed to meet this burden.

The Court in *Davita* goes on to acknowledge that the field of healthcare often involves complicated legal issues that are intertwined with business issues, and it is not unusual for corporations in that field to seek advice from attorneys. However, the *Davita* Court conducted an *in camera* review of the documents at issue and concluded that attorney-client privilege did not apply to some of them "because it is not evident that the primary purpose of the communication was legal, as opposed to business, advice." *Id*.

Furthermore, attorney-client privilege protects only the communication itself, not the facts underlying the communication. Quoting *City of Philadelphia, Pa. v. Westinghouse Elec. Corp.*, 205 F. Supp. 830 (E.D. Pa. 1962), the United States Supreme Court held that:

> The protection of the privilege extends only to *communications* and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney.

*Upjohn Co. v. United States*, 449 U.S. 383, 395-396 (1981). The only plausible way ERMI could meet this burden would be literally if the entirety of Ms. Cooley's Affidavit consisted of statements that "Dr. Branch told me…" or "I advised ERMI…". If that were true, those portions of the affidavit should not have been redacted, redacting only the substance of the communication to or from Dr. Branch. Clearly, the entire document is not shielded from disclosure by attorney-client privilege.

    c. <u>ERMI Has Failed To Provide A Privilege Log Pursuant To The Requirements of Rule 45</u>

Rule 45 requires the party seeking to withhold documents from subpoena to "make an express claim of privilege and adequately describe the allegedly privileged materials to allow this evaluation to take place, without revealing privileged

information in the process. To comply with Rule 45, the party claiming privilege must necessarily provide a copy of its privilege log to the subpoenaing party." *Baranski v. United States*, 283 F.R.D. 520, 525 (E.D. Mo. 2012). Such compliance is in fact mandatory. "Rule 45(d)(2)(A)'s requirement of a privilege log is mandatory: a claim of privilege '*shall* be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.'" *Mosley v. City of Chicago*, 252 F.R.D. 445, 449 (N.D. Ill. 2008).

It is impossible for the Defendants to address the validity of any specific claim of privilege, or even to have any understanding of the nature of the alleged the communications contained in the Affidavit is because ERMI chose to redact the vast majority of the affidavit, with no attempt to create a privilege log as is required to comply with Rule 45. Defendants, and the Court, are therefore unable to evaluate any of the claims of privilege made by ERMI. "The party asserting the attorney-client privilege ... bears the burden to provide a factual basis for its assertions. This burden is met when the party produces a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit from counsel." *Meade v. Gen. Motors, LLC*, 250 F. Supp. 3d 1387 (N.D. Ga. 2017). ERMI has clearly not met this burden, nor does it intend to do so, as no privilege log, much less a sufficient one, has been produced.

ERMI was advised in writing by counsel for the defendants on July 12, 2020 that a privilege log was required. See Exhibit B, email from Randy Edwards to Alex Long. Despite having been in possession of the Affidavit for over a month, and being put on notice in writing of the necessity for a privilege log, ERMI has intentionally chosen not to provide one. ERMI's Motion is fatally deficient and due to be denied.

### III. CONCLUSION

For the forgoing reasons, ERMI's Motion to Quash should be transferred to the United States District Court for the Southern District of Florida, case no. 0:19-MD-02914-RKA, or, in the alternative, summarily denied.

This 30th day of July, 2020

|  |  |
|---|---|
| COCHRAN & EDWARDS, LLC<br>2950 Atlanta Road SE<br>Smyrna, Georgia 30080-3655<br>(770) 435-2131<br>(770) 436-6877 (*fax*)<br>randy@cochranedwardslaw.com<br>Counsel for Team Post Op, Inc. | /s/Randy Edwards<br>R. Randy Edwards<br>Georgia Bar No. 241525 |

## LOCAL RULE 7.1D CERTIFICATION

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

/s Randy Edwards
Randy Edwards
Georgia Bar No. 241525

## CERTIFICATE OF SERVICE

This is to certify that on this day I electronically filed the within and foregoing **MOTION TO TRANSFER TO SOUTHER DISTRICT OF FLORIDA OR IN THE ALTERNATIVE, TO DENY PLAINTIFF'S MOTION TO QUASH** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

/s/ Randy Edwards
RANDY EDWARDS
GEORGIA BAR NO. 241525